Thank you, Your Honors, Counselors. My name is Jennifer Dinning, and I'm here for Defendant Appellant Country Mutual Insurance Company. I'd like to reserve five minutes for rebuttal. We've appealed a number of issues in this case, but three of them center on the same basic legal issues, which are the correct application of the Oregon Rules of Policy interpretation to the insurance contract in this case. And let me walk back a little bit and start with the facts. As was briefed by the parties, this case arises out of an insurance claim made by the Chatelains for alleged theft and vandalism to their farm property. The Chatelains had leased this property to another couple, the Brawns. So what's up with all of that? We've read the briefs. Right, right. So just jump right into it. Jump right in. I sure will. Error number one. Error number one, the Court's excision of the conversion language from the definition of the theft peril. Now, under the analysis that's laid out in the Oregon case, Hoffman, the Court first looks to the plain language of the insurance policy. And Hoffman makes it very important. But it's not defined in the policy. No, it is not. Okay. And so then you look at Oregon law with regard to those definitions. Correct. So there we are with theft and conversion. And so you can have conversion can be part of theft, right? And theft is included in but doesn't completely encompass conversion. That's correct. Those two terms overlap. So how can you cover theft but have a conversion exclusion? Well, first, I'd like to back up real quickly. It is the definition of the theft peril, although the theft peril definition has two clauses. The first broad clause, and then the second clause, which fences in the larger definition of theft. Now, conversion and theft do overlap, and they are not exactly the same. And the Court took some issue with the interpretation that conversion is potentially broader than theft. Was that wrong? I think it depends on what jurisdiction you're in. At Oregon, it may be correct. Okay. All right. So where do we go from there? And doesn't that render the conversion exclusion ambiguous? No, because under Hoffman, ambiguity means something more than just being able to have multiple interpretations of a phrase. And as the Hoffman Court pointed out, I think, correctly, lawyers are very good at finding different ways to look at the same piece of language. But if you have two interpretations, one of which is plausible but requires you to render parts of the contract language meaningless, and another that is plausible but allows you to keep all the language, then it is not ambiguous under Oregon law such that you construe it against the draft, or you have to go with the interpretation that allows you to keep all the policy language. So what's the interpretation that would allow you to keep all of the policy language? That a conversion that does not qualify as a theft under Oregon law is not included. And this case presents a picture-perfect example of that. The Brawns had a contract with the Chatelains. And one of the aspects that is common but not universal to conversion is that you've entrusted the property that is eventually converted in some way to this other party. And that is exactly what happened here, and that is a situation that creates greater risk than just garden-variety theft, because you are giving over control of that property to these other people. Counsel, if we disagree with your interpretation of the policy, do you lose? If you disagree with my interpretation of the policy? The way you're reading this provision. If we disagree with the way you're reading this provision, do you lose? Not necessarily. If you agree with the district court but disagree with me, you theoretically could come up with something different. If we disagree with you, if I won't speak for the other members of the panel, if I disagree with you, that would result in my finding the clause ambiguous. So you would lose in that, if I came to that interpretation. Is that correct? Correct. If you find the clause to be ambiguous, then we would lose on that issue, if that is correct. And then a loss would be covered under the theft coverage. Yes. It would be potentially covered if proven. Okay. So the covered, did you want to say something else on that? No, Your Honor. Because I have a question about the covered losses. Okay. So these milking cows. The milking cows. So moving on to the milk production then, is that what you're asking about? Yes. All right. So the milk production issue. The court in this case found that it was ambiguous whether or not the policy covered consequential losses and decided to include loss of milk production as a specific category of damages for the jury. The grant of coverage in this policy specifically states that it covers direct physical damage. Now, the Oregon courts have already interpreted that language and said that the use of that phrase expresses a specific intent not to cover consequential losses. The district court in its analysis did not look at the entire phrase in the grant of coverage, declared it ambiguous, and construed it against the drafter. That is another area where the rules of policy interpretation were not properly applied, and those damages should not have been allowed to be concerted by the jury, and country mutual is entitled, we believe, to. Did you object to the jury instructions on this issue? Yes. I believe that is correct. Did you submit a counterproposed instruction? I admit I was not the underlying trial counsel. My best recollection, I think that's the case, but I could not say for certain. I don't think so. I mean, but we'll look at the record with regard to that. But at any rate, so with regard to the consequential damages, that shouldn't have been a measure of damages that went to the jury, is your position? Yes. Yes, Your Honor. Moving on to the next. Well, as a benefit under the policy. Yes, that's correct. Why couldn't they have been entitled to consequential damages for breach of the insurance contract? It is my recollection from the record that they specifically stated that that is not what they were looking for. So that was not before the court. Well, did you raise, did the insurance company, did your client raise that issue at trial? I'm sorry, Your Honor, I'm not sure I understand the question. So they were seeking damages for lost milk production, correct? Yes. All right. And so there was an argument, I guess, about whether or not that was covered under the policy, under theft. Yes, that's correct. Right? Okay. So there must have been some uncertainty about whether or not they should have, the district court should have just focused on consequential damages for breach of the insurance contract. But I guess that's not, that wasn't raised at all by anybody? No, I believe that was discussed, and it should be in the record. And my recollection is that the court asked if that's what the parties were arguing for, what the plaintiffs were arguing for, and the answer was no. Okay. So they're suing for denial of coverage, right? Correct. And they're saying we're entitled to X, Y, and Z because that's covered in our policy. But then they're also saying you denied our claim wrongfully, and so there's a breach of contract. So there's consequential damages that they'd be entitled to from that breach that's separate and apart from any covered claims that are determined to have fallen within the insurance contract. I understand your question. At the trial level, they weren't required to show the actual consequential damages. The Chatelains replaced cattle, but there was no credit, so to speak, given to a country for any attempt to mitigate damages in that regard, and it was not treated at the trial level as consequential damages. So if this court were to rule that the Chatelains were entitled to seek consequential damages, it would be our position that we're entitled to a new trial on that issue because it was not appropriately addressed at the trial court level in that manner. Well, that's what I was asking about. Did you raise it in that manner before the trial court? I mean, did you say, Judge, this is all wrong? They're only entitled to consequential damages for breach of contract at best. We object to the instructions that were offered, and here's some counterinstructions that we believe are appropriate to cover this. We objected to the inclusion of those damages on both grounds, both as consequential damages and as covered damages under the contract. Right. Well, there was no objection to the instructions given, which were correct. It just didn't say if it had to do with consequential or covered, and then it's not divided up on the jury verdict form, right? Correct. Okay. So that is ambiguous as to which one it went towards, but I guess the question that we really are interested in is what's your basis now to complain of the fact that these weren't separated, that is covered claims, loss, and consequential damages from breach of contract? I understand that you guys are taking the position they're not entitled to consequential damages, but what's your basis now to say that you have an error on appeal, to raise on appeal, that at the trial level that was objected to and refused by the trial court? We argued and the court ruled that they were covered damages under the contract, so that's how they were treated. We objected at that time, and we lost. So I would say that is our basis. So moving to the next contract interpretation issue, that would be the interpretation of the payments clause, which was used by the court to calculate prejudgment interest. The court in this clause excised approximately half of it. The court found that the construction of the clause was ambiguous and it could not tell how the provision was meant to be read and removed a large section of it. If the court is not particularly interested, I don't need to walk through the entire analysis of this clause, but it required payment under the policy as due 60 days after you've submitted a proof of loss, and one of three things has occurred, a judgment, an appraisal, or an agreement between the insured and the company. The court found that that was ambiguous and cut the or section of the clause. So and being adjunctive and or being disjunctive, you're supposed to have one and either A, B, or C. The court said, no, we're just going to have one, and 60 days after the proof of loss is when payment was due and we're going to run prejudgment interest from that date forward. That's not a correct reading of the policy. It is not ambiguous to require two things and have one be turn in your proof of loss and 60 days pass and the other be one of these three things. You have a choice as to which of the three things. It could be the judgment, the appraisal, or an agreement between the company, but that is a common and understandable provision, and the court should not have removed it from the policy and did not follow the correct analysis in that regard. So if the district court erred in its interpretation of the policy regarding the coverage for lost milk profits, what's the relief? I believe the ‑‑ I'm sorry, the word is escaping me, the remittiture of that portion of the award. Well, what would be taken out? How much? I believe the jury awarded $400,000 for that. It was specifically set out on the jury form. So all of that should be removed from the verdict? Yes. Is there a need ‑‑ wouldn't there be ‑‑ so if they're entitled to consequential damages for breach of the insurance contract and given credit for the cows that they bought, is that a known quantity? Is that a known amount or an undisputed amount? Or does that have to go back to the trial court for a separate determination? It was not presented to ‑‑ I don't believe it was presented to the jury, and so it couldn't be rightly part of the jury award. I think it would need to be represented. Okay. Did you want to save some time for rebuttal? Yes, I'll save my remaining time. Okay. Thank you. Thank you. May it please the Court, Counsel Bruce Campbell, on behalf of the appellees Robert and Janet Chatelain. I'm just going to jump right into the five issues that Ms. Denning addressed, and beginning with the theft provision of the policy, the district court properly determined that the theft provision is ambiguous. You can't put together the theft peril, the theft coverage, and the conversion exclusion side by side. They're just not harmonious, because under Country Mutual's interpretation, it would eliminate theft coverage altogether, because the ‑‑ I like to think of these as, I think it's Venn diagrams. You'd have the conversion exclusion, or conversion is a larger circle, and theft is a smaller circle contained within conversion. As Judge Mossman said, it's conversion plus mens rea. And that's precisely what the Country Mutual was trying to do is to ‑‑ well, the effect of Country Mutual's argument would be to eliminate theft coverage altogether. It's interesting that in their brief, in their reply brief, Country Mutual takes the Chatelains to task for saying that there is ‑‑ I'm looking exactly for their language. They say that they take issue with the principle that theft is a subset of conversion, so that all thefts are conversions. And in their reply brief at page four, they say the proposition that all thefts are conversions is simply incorrect. And then immediately after that assertion, they cite a case called Chiapa, which says all thefts encompass the element of conversion, which is precisely our point. Right. So I'll let you go on if you want to, but I'm kind of interested in the lost milk production. Sure. Okay, so you guys had an expert who testified about the lost milk production. That's correct, Your Honor. And that expert was challenged on a Daubert motion pretrial. But was there any argument raised with regard to if that expert was allowed to testify about the lost milk production, what that loss ‑‑ what that loss evidence went to, what claim? In other words, was it identified that it would be to consequential damages for breach of contract or as a covered claim, or was that not addressed? It was addressed, Your Honor. It was sought under two different theories. One, that it was a part of a covered claim under the policy of insurance, and second, that it was a consequential damage arising from country mutual's breach of its obligation to pay for the theft of the cows. And I think the place to look there is at the jury instructions. I think it's ER 413 and 414, if I'm not mistaken. And those jury instructions, and then the ones following, talk about seeking coverage for loss of milk production under both the policy and as a consequential damage. And if you look at the verdict form, the verdict form does have two items of damage. It has the list of damages under the policy, and then at the bottom of the verdict form on the same page, there is a total for breach of the implied covenant of good faith and fair dealing, which is where the consequential damages were reflected. And that number that's shown there is the sum total of all the component parts for breach under the insurance policy. On appeal, country mutual argues that the consequence or the lost milk production cannot be covered under the policy because it's not physical damage to property. And the problem with that argument is it proves too much, because if you take that definition of loss and apply it to the theft provision, the theft peril under the policy, it would eliminate coverage for theft because in the case of theft, there often is no property or there's no physical damage to the property. It's just here the cows were just relocated somewhere else where we don't know. But so if they are correct about the loss of milk production, well, it's really it's more similar to what the Oregon Supreme Court held was a direct damage in the Gowans case where it was the reward for lost jewelry theft under the theft provision of the policy or the Brown case, which I think is from Nebraska. And that's very analogous. It's theft of sheep, and then the lost wool production was part of the ‑‑ it was a direct covered loss under the policy. So what's the best case that sort of that you think? Well, I think we have ‑‑ Your argument here or what the district court did? Well, if you look at under the policy, if it's for a covered loss under the policy, I think the Gowans case is because it's from the Oregon Supreme Court is the most on point case. But we have the alternative basis for recovery as a consequential damage of country mutual's breach of its obligation to cover loss. But that would result in a lesser amount. That's correct, Your Honor. It would eliminate because it would run from the time of the breach, which was several months after or I think approximately. The jury didn't make that determination. You have a limitation, right? Isn't it $2,000? Well, Your Honor, that was an argument that was raised for the first time on appeal that the sublimit applies. It was never raised by country mutual at trial, and there was never any ‑‑ it was never submitted to Judge Mossman, never raised in the trial court. So having not ‑‑ That should, your argument, be waived. We believe it is waived. But the jury didn't make a determination. If the amount of loss is limited to consequential damages for breach of the insurance contract, then the amount of loss, as you said, would run from whenever the breach occurred to, I guess, whatever they claim the loss production for, the consequential damages. And my point was, though, that the jury did not make that determination. It appears that the jury did not make that determination. Well, don't say it appears. Did the jury make that determination? The reason I'm qualifying my argument. Did the verdict form ask them to make that determination? The verdict form asked for damages as a result of the breach of covenant of good faith and fair dealing. So there is no specific jury question on that front. The jury was asked ‑‑ the jury instructions do talk about consequential damages arising from a breach of the insurance contract. But I agree with Your Honor that it would result in a somewhat smaller amount. But, again, like the Gowans case, like the Brown case, this is a covered item of damage under the policy of insurance. So let me ask you this. When the jury instructions were formulated and adopted by the court, were there objections to the instructions? Or were they agreed to instructions? My understanding, Your Honor, is that with the consequential damages and the theft instruction, there were objections by country mutual but not alternative instructions proposed. So I think that leaves them in a situation where they would be hard pressed to argue on appeal that those instructions were incorrect. And, in fact, they haven't raised that as an issue on appeal. I'm just curious. What's our review? Is it ‑‑ I mean, I don't quite ‑‑ I'm trying to figure out. So they say that you're only entitled to, at most, you're only entitled to consequential damages for breach of the insurance contract. So was that argument made to the district court? Well, Your Honor, I believe that they are ‑‑ In either an emotion in limine or in any jury ‑‑ at the time of the jury instructions or ‑‑ Well, I think what country mutual did argue below was that it was not a covered loss. So I think it's probably subsumed within that argument, giving them some credit. So are we reviewing for error, for legal error? Are we reviewing for plain error? Are we reviewing for abuse of discretion? What is our standard of review here? In terms of whether ‑‑ I said I'm trying to get at it. I should have said it more directly. Your Honor, in terms of determining whether the lost milk production was a covered loss under the policy, I think that would be de novo review because it's an interpretation of the policy language. And the district court ruled that the policy was ambiguous in terms of its scope of coverage and then resolved the ambiguity against country mutual, consistent with Oregon law. So I don't know if that addresses your question completely or not. I have a question about the jury verdict form. So the first question was, which was answered in your client's favor, whether you folks proved by a preponderance of the evidence, breach of the insurance contract by failing to pay for any covered losses. The second question then sets forth the losses. This was a fair reading that you guys meant these are the covered losses that they should have paid for, right? So they specifically identify loss of milk production, $400,000. Correct, Your Honor. Okay. So you would say it was an award for covered losses? Yes. Okay. And then three, it says, did they prove by evidence that they breached the obligation of good faith and fair dealing under the insurance policy? That's the bad faith claim, right? The denial, the wrongful denial. The wrongful denial of coverage for the theft, yes. Okay. And then apparently they just totaled everything up, so the $400,000 subsumed in there, but it's just a total amount. That's what you were talking about, total, or it just coincidentally happens to be the sum of all of the covered losses. Yeah, I would assume it's more than just sheer coincidence, but that's the way I would interpret it. Yeah, it's kind of an odd number, right? $793,375. Okay. So with regard to the award of damages as a result of failing to pay covered claims, the jury did actually break out and say loss of milk production was a covered claim. Correct, Your Honor. And calculated at $400,000. Yes. Okay. So on that basis, do you believe that this court should then remand to the trial court because there's a limitation under the covered claims for that type of loss? No, Your Honor. They're saying it's not covered, but- I don't believe that that claim of error was preserved below because Country Mutual never raised the $2,000 sublimate per head of cattle. Okay. Thanks. So even in the event that they somehow could be deemed to have preserved it, I don't know how they could, but then we would have the alternative of recovery for consequential damages. So turning next to the award of pre-judgment interest, it's interesting that Country Mutual claims that this payment provision under the policy was clear and unambiguous because below, and we pointed this out in our brief, they offered three different trigger dates for pre-judgment interest. One is the date of the six months after the proof of loss was submitted to Country Mutual. One was the date of the verdict, and the third was, I believe, the date of the breach when they refused the claim. So if the language there is so clear and unambiguous, presumably Country Mutual wouldn't have had a difficult time interpreting it. I think there are some other issues that are raised, and again, that was not an issue that they raised below. It's a new argument on appeal. If you look at the provision, the payment provision, which I'm not certain really applies to, should govern the award of pre-judgment interest because the payment provision has some problems. Number one, it's really antithetical to the way payment is supposed to work under the Oregon insurance statutes. We've cited in connection with the attorney fee award, ORS, I believe it's 761 or 742-061, which requires that if the insurance company does not make tender within six months after a proof of loss is filed and then the policyholder has to go to court to enforce a contract of insurance and beats the tender, then the court shall award attorney fees at trial and on appeal. And that's the basis for our fee award at trial and our requested fee award on appeal. This policy provision here says, purports to say, we don't have to pay until a final judgment is entered and 60 days after that. So it pushes out payment way beyond the date where they're really obligated to pay under Oregon law. It also states that the alternative would be settlement. But getting back to contract interpretation, if you look at the way the payment provision works, it says, we'll pay 60 days after, one, Country Mutual receives a proof of loss from the insurer, two, the policyholder has submitted or complied with all conditions of the policy, and three, then it reaches agreement with the policyholder, final judgment, or I think there's a filing of an appraisal award. And if you look at Country Mutual's interpretation would read out one and two, the first two steps. They become just mere window dressing. If Country Mutual can wait to pay until after there's an agreement or a final judgment, then what does submission of a proof of loss or compliance with the policy have to do with anything? So under their own, they're pushing the principle that you have to give effect to all interpretations of a policy. Well, that robs the two, their interpretation robs the two initial steps of any meaning whatsoever. Wait a minute. The prejudgment interest award was based on Oregon law, correct? Well, what Judge Mossman did was he looked at the payment. Let me ask you, did the insurance policy provide for prejudgment interest? Not specifically. What the district court did is look at the payment provision of the policy and then awarded prejudgment interest based on an interpretation. But let me ask you this. What is the language of the Oregon prejudgment interest statute? What does it say when prejudgment interest should begin to run? Your Honor, it's based on common law. It's based on case law in Oregon. And it's when an amount is readily ascertainable. And not when it's readily ascertained. So it's common for parties to do that. And Judge Mossman said, well, here it was readily ascertainable when they submitted their proof of loss? Correct. And then he said it was 60 days after they submitted their proof of loss, applying the payment provision of the ---- What does the case law say about so, I mean, like here, well, we submitted our loss. Our loss was $100,000. And the other side says, well, you know, we dispute that. What does the case law say about that? How does the case law resolve that? The case law says it doesn't have to be undisputed. It doesn't have to go all the way to a jury determination or a court determination. I'm sorry, Your Honor. I don't know that it would be a jury determination or a court or for the court. But it doesn't have to get that far down the road. If it's an amount that's reasonably ascertainable, that's the trigger. I don't have the case citation for that proposition. I would be happy to submit it to the court if the court would want supplemental briefing. So what was the proof of loss submitted that Judge Mossman said was the trigger? When was the proof of loss submitted? What was the amount? I would have to look back at the record, Your Honor. Did he use the verdict amount or did he use the proof of loss amount? I believe it was based on the amount of the verdict. I could look back. How could that be the basis for the – was that the amount that they submitted as their loss back in – when they submitted their proof of loss? Your Honor, I could look at – I'd have to look back. How does that match up? I don't understand. Well, I guess I don't have the clear answer to that. I need to look at the Judge Mossman's ruling on the post-trial motions because he does deal with the prejudgment interest. No, he does. I mean, it was a fair check. I assume that that has the principal amount of the – upon which prejudgment interest is based. But I'm sorry, I just don't have that at my fingertips. Let me ask you this. If we were to decide that it has to go back for a redo on the consequential damages, I guess that would eliminate for the time being the prejudgment interest award if it was based on the verdict amount. It would subject it to recalculation. Yes, Your Honor. Again, I'm loathe to ask for a remand back to the district court. Sure. The loss occurred nearly six years ago. Yes. The chatelains have been without proceeds for a long period of time, and so another year or more of subsequent appeals. Let me ask you this. Did the parties try to take advantage of the Ninth Circuit's mediation service? Yes, they did, Your Honor. Did they decline or did they participate in the mediation? There was a – I was not a party to the mediation, but I believe it was – I'm not recalling her name right now. One of the Ninth Circuit mediators reached out and set up a – I think a rather – A telephone conference, usually a telephone conference to see if there's a possibility that a mediation, a formal mediation would be beneficial. And there was – the parties were so far apart that – It wasn't. It wasn't productive. Okay. All right. One of the arguments that Country Mutual makes on appeal is that the district court committed error in denying the motions for judgment as a matter of law and for a new trial. They have their standard wrong for a new trial. It's a piece of discretion. But when they deal with judgment as a matter of law, they also fail to apply the bedrock principle that all inferences, all evidence are in favor of the verdict. So I see I've run out of time. And unless the panel has any more questions, I would just ask that the panel affirm the district court judgment and then award Country Mutual its fees on appeal. Thank you very much. Thank you. Thank you. Thank you, Your Honors. Just a few quick points on appeal. And just to confirm, we did participate in an in-person mediation. Oh, in person. Yes, we did. Oh, you did. We were unable to resolve the case, but the parties did participate. Going back to the prejudgment interest, that award was made on the verdict amount, and that verdict amount is higher than the proof of loss. For example, the milk production information, Country actually objected to its inclusion at trial, in part because it was late disclosed. And so that information was not known to Country, for example, until shortly before the trial. For prejudgment purposes, just for my own, I have to go back and take another look at this, but what was the proof of loss amount that they submitted? I apologize, Your Honor, I just cannot recall. It should be in the record, and if it's not, I'm sure both parties would be happy to provide it to you, but off the top of my head, I don't know. And I'm sure it's in the record. It's just too many details to keep track of, but I can find it. But what does the Oregon case law say about prejudgment interest? The case law does talk about ascertainability. When an amount is readily ascertainable, and we didn't brief this issue because the court didn't touch it below and relied on the policy, so I apologize, I won't have a lot of citations at the tip of my tongue, but I believe that it is a bit of a case-by-case analysis. It is easy when there's liquidated damages under a contract, but when there is an issue of showing an actual loss, I believe it is when you truly have enough information to understand what the amount is. So what Judge Mossman did was to use the contract as a basis of determining what was ascertainable at the time. And a trigger point. Is that what he did? I don't think so. Well, the insurance policy didn't provide for prejudgment interest, did it? It did not. So then he had to find a legal basis on which to award it, correct? Yes. And that was the common law, as counsel said? I believe he actually cited to the attorney fee statute, which was cited by the plaintiff below, and the attorney fee statute doesn't actually provide for interest. And although I believe the counsel raised for the first time during his argument that the payment provision is not an appropriate trigger for prejudgment interest, if that is correct, that is also an error of law. And this court can review errors of law, whether or not they were raised below, if it so chooses. And if that is another basis to throw out the interest award and require proper application of the law, then we would request that this court take that into consideration. We would also disagree that Country Mutual's reading of the payment provision removes meaning from the first conditions, the proof of loss and compliance with the policy. Those facts weren't at issue. No one disagreed that the chat lanes did provide a proof of loss, and no one argued they didn't comply with the policy. There's very little discussion of those points because there was no dispute between the parties over the fact that those conditions, that first portion of the clause, had been fulfilled. And, again, with regard to the trigger dates discussed by counsel, only one of those is actually connected to the payment clause. And the fact that there were a number of different dates discussed, I think, speaks to the fact that the payment clause is just what the court latched onto to find a trigger point, but it's not necessarily applicable to an analysis of when there was an amount owed and when that amount owed was reasonably ascertainable such that prejudgment interest could begin to run. I'd also like to quickly address a couple of the cases mentioned by Counselor Brown. The Idaho case used different language than the policy here. It was somewhat less specific. It was direct loss to insured farm personal property, and Idaho does not have case law similar to the case law in Oregon that interprets that phrase, direct loss or direct physical loss. So it did not include the term physical, which the Oregon courts have found is key, and Idaho does not have similar case law already interpreting that phraseology that is similar to the Oregon courts. So Brown is simply not applicable here. And then, finally, I'd like to address Gowains, which is, I believe, the only Oregon case cited on this issue. The Gowains case was interesting because it wasn't a reward. This was money spent in order to recover the property that had been stolen. It's not an inability to use that property any longer because it's been stolen. And that's a unique fact that I think is integral to Gowains that is not present here and is thus distinguishable. And if Your Honors have no further questions, I'm out of time. No, I don't think we do. Thank you. Thank you very much. Thank you, counsel. The matter is submitted on the briefs, or is just submitted at this time.
judges: Paez, Rawlinson, Kobayashi